UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JOSE M. SANTANA,                                    Civil No. 07-1103 (ADM/JJG)

                    Petitioner,

          v.                                        **REPORT AND RECOMMENDATION**

JOAN FABIAN, (Commissioner),

                    Respondent.

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. The case has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be summarily dismissed with prejudice, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I. BACKGROUND

In April 1996, Petitioner pled guilty to a Minnesota state drug law offense, and he was sentenced to 25 months in prison. Petitioner began serving his state prison sentence concurrently with a federal prison sentence. When Petitioner was nearing the end of his state sentence, he asked the state trial court to amend his sentence from a 25-month "executed sentence" to a 110-month "stayed sentence," so that he could participate in a "boot camp

_____

[1] Rule 4 provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

Dockets.Justia.com

program" offered by the federal prison system.[2]  The state prosecutor did not oppose Petitioner's request, and the state trial court did amend the state sentence as Petitioner requested.

Petitioner was later accused of violating the terms and conditions of his stayed sentence, and as a result, a probation violation warrant was issued against him.  In 2004, Petitioner was apprehended on the warrant, and he was found guilty of violating the terms of his stayed sentence.  The state trial court then revoked his probation, and ordered that the 110-month sentence be served.  Petitioner is currently serving his 110-month sentence at the Minnesota Correctional Facility in Faribault, Minnesota.

After the trial court ordered Petitioner to serve his 110-month state prison sentence, he filed a direct appeal.  Petitioner argued that the trial court had no legal authority to convert his original 25-month "executed sentence" into a 110-month "stayed sentence."[3]  The Minnesota Court of Appeals rejected Petitioner's arguments on the merits, and upheld the sentence he is now serving.  Minnesota v. Santana, No. A05-2077 (Minn.App. 2006), 2006 WL 2348463 (unpublished opinion).  Petitioner sought further review in the Minnesota Supreme Court, but that request was denied on November 14, 2006.[4]

---

[2]  The present record does not show why it was advantageous to Petitioner to participate in the boot camp program, or why his state court sentence had to be amended in order for him to participate in the program.

[3]  A copy of Petitioner's brief on direct appeal is attached to his present petition.

[4]  A copy of Petitioner's application for further review in the Minnesota Supreme Court is attached to his present petition.

On February 12, 2007, Petitioner filed his current application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The present petition lists three claims for relief: (1) that the state trial court "lacked the authority to modify a sentence after service ha[d] begun;" (2) that the state trial court should have denied Petitioner's request to modify his sentence, because the request was "unlawful" and "invited error;" and (3) the state trial court did not give Petitioner proper credit against his new sentence for time he had already spent in custody. (Petition, [Docket No. 1], pp. (5)-(6), ¶ 12.)  For the reasons discussed below, the Court finds that Petitioner's current claims for relief cannot be entertained in a federal habeas corpus proceeding.

## II. DISCUSSION

A federal district court can entertain a habeas corpus petition filed by a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  In other words, federal habeas corpus review is available only for alleged violations of federally protected rights. Wainwright v. Goode, 464 U.S. 78, 83 (1983) (per curiam) ("[i]t is axiomatic that federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension").

The present petition is not based on the federal Constitution or any federal law.  All of Petitioner's arguments involve only state law issues.  The federal Constitution is never mentioned, or even alluded to, anywhere in the present petition, and nothing in the petition suggests that any federal constitutional principles might be implicated here. Petitioner claims only that the state trial court lacked the legal authority under state law to change his sentence, that the trial court should have denied his request for an amended sentence, and that his

3

sentence should be reduced for time that he previously spent in custody. Again, none of these claims is based on the federal Constitution or any federal law; they are all purely state law claims.

The United States Supreme Court has repeatedly held that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, law or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67 (1991). Because no federal constitutional dimension can be found in any of Petitioner's current claims for relief, his petition must be summarily rejected.

Furthermore, even if Petitioner intended to raise some constitutional claim in his current petition, (though he plainly failed to do so), no such claim could be entertained here, because he did not raise any constitutional claims in the state courts. A federal court normally will not entertain a constitutional claim that is raised in a federal habeas corpus petition, unless that same constitutional claim was previously presented to, and decided on the merits by, the highest possible state court. 28 U.S.C. § 2254(b); Baldwin v. Reese, 541 U.S. 27, 29 (2004); O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). See also McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997) ("before we may reach the merits of a habeas petition, we must first determine whether the petitioner has fairly presented his federal constitutional claims to the state court"); Hall v. Delo, 41 F.3d 1248, 1249 (8th Cir. 1994) (same). In this case, if Petitioner intended to present any federal constitutional claim to the state courts, he clearly failed to alert the state courts of that intent. See Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam) ("[i]f state courts are to be given the opportunity to correct alleged

4

violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution").

"Even if state law 'bears some relation to' federal constitutional requirements, 'habeas petitioners must have explicitly cited to the United States Constitution or federal case law in their direct [state court] appeal to preserve federal review.'" Morris v. Norris, 83 F.3d 268, 270 (8th Cir. 1996), quoting Luton v. Grandison, 44 F.3d 626, 628 (8th Cir. 1994), cert. denied, 513 U.S. 1195 (1995). The claims that Petitioner raised in the state courts, as disclosed in the state appellate court briefs attached to his current petition, make no reference to the federal Constitution. To the contrary, it clearly appears that Petitioner's arguments to the state courts were based solely on state statutes, state rules and state case law.  Thus, even if Petitioner intended to raise a federal claim here, that claim could not be entertained, because no federal claim was fairly presented to the state courts in Petitioner's prior proceedings.

Finally, the Court notes that any constitutional claim that Petitioner might have intended to bring, (either here or in the state courts), or any new constitutional claim that he might hereafter attempt to construct, has been procedurally defaulted, rather than merely unexhausted, because it is now too late to raise such a claim in the state courts.[5]  Petitioner

---

[5]  A constitutional claim raised in a federal habeas corpus petition that has not been previously raised in state court will be viewed as either an unexhausted claim or a procedurally defaulted claim.  McCall v. Benson, 114 F.3d at 757; Cox v. Lockhart, 970 F.2d 448, 453 (8th Cir. 1992).  The claim will be deemed unexhausted if it can still be reviewed in state court, but it will be deemed to be procedurally defaulted if the state courts will no longer review it because "an independent and adequate state procedural rule" precludes further litigation of the claim. Coleman v. Thompson, 501 U.S. 722, 750 (1991); see also Cox v. Lockhart, supra; Jones v. Jerrison, 20 F.3d 849, 853 (8th Cir. 1994); Kennedy v. Delo; 959 F.2d 112, 115 (8th Cir.) ("petitioner must present his federal claims to the state courts in a timely or procedurally correct manner in order to provide the state courts an opportunity to decide the merits of those

is foreclosed from returning to the state courts with a new constitutional claim, (if he could actually devise one), by reason of state procedural principles governing waiver of claims. Minnesota law provides that once a prisoner has completed his direct appeal, he is precluded from litigating any additional claims that could have been raised on appeal, but were not. McCall, 114 F.3d at 757, citing State v. Knaffla, 243 N.W.2d 737, 741 (Minn. 1976); Roby v. State, 531 N.W.2d 482, 484 (Minn. 1995).

Any constitutional claim that Petitioner might have intended to raise here could have been presented in his state court appeals, but again, no such claim was properly raised at each level of the state appellate courts. Thus, Petitioner has procedurally defaulted any possible constitutional claim that he may have wanted to bring to federal court, because he failed to pursue any such claim in his prior state court appeals. McCall, 114 F.3d at 757-58, citing Knaffla, supra; Roby, supra; Dent v. State, 441 N.W.2d 497, 499 (Minn. 1989); Fox v. State, 474 N.W.2d 821, 824 (Minn. 1991).[6]

## III. CONCLUSION

Because Petitioner has not identified any federal constitutional basis for any of his current claims for relief, none of his claims is reviewable in a federal habeas corpus action.

---

claims"), cert. denied, 506 U.S. 857 (1992). If the claim at issue is merely unexhausted, the petition will be dismissed without prejudice so that the petitioner can return to state court and attempt to satisfy the exhaustion requirement. However, if a procedural default has occurred, so that the petitioner can no longer pursue his unexhausted constitutional claims in state court, then the petition will be dismissed with prejudice.

[6] Although a petitioner's procedural default can be overcome by showing cause and prejudice or actual innocence, (Coleman, 502 U.S. at 750), Petitioner has made no effort to satisfy either of those standards, and the Court finds no reason to believe that he could do so.

Furthermore, even if Petitioner intended to present a constitutional claim, that claim could not be entertained here, because he did not fairly present any constitutional claim in his previous state court proceedings. State procedural rules preclude Petitioner from returning to state court to raise any constitutional claim that he may now have in mind, so any such claim has been procedurally defaulted. The Court will therefore recommend that this action be summarily dismissed, with prejudice, pursuant to Rule 4 of the Governing Rules.

## III. RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

1. Petitioner's application for a Writ of Habeas Corpus, (Docket No. 1), be **SUMMARILY DENIED**; and

2. This action be **DISMISSED WITH PREJUDICE**.


Dated: February 16, 2007                              s/Jeanne J. Graham

                                                      _____
                                                      JEANNE J. GRAHAM
                                                      United States Magistrate Judge

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by March 8, 2007. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.