UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jose M. Santana,

        Petitioner,

                                              **MEMORANDUM OPINION**
v.                                            **AND ORDER**
                                              Civil No. 07-1103 ADM/JJG

Joan Fabian, Commissioner,

        Respondent.

_____

Jose M. Santana, *pro se*.

Peter R. Marker, Esq., Assistant Attorney General, State of Minnesota, on behalf of Respondent.
_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge pursuant to Petitioner Jose M. Santana's ("Petitioner") Response [Docket No. 3] objecting to Magistrate Judge Jeanne J. Graham's Report and Recommendation ("R&R") [Docket No. 2] that Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus [Docket No. 1] be dismissed with prejudice. For the reasons set forth below, Petitioner's objections are overruled and the R&R is adopted.

## II. BACKGROUND

In April 1996, Petitioner pled guilty to one count of racketeering and was sentenced to 25 months in prison by a Minnesota state trial court. Petitioner served his 25-month state prison sentence concurrently with a federal prison sentence. In July 1997, two months from his supervised release date, Petitioner asked the state trial court to amend the executed 25-month sentence to a 110-month stayed sentence so that Petitioner could participate in a federal boot camp program. The state trial court amended the sentence in accordance with Petitioner's

request.  In July 2005, the state trial court found that Petitioner had violated the terms of his probation and therefore revoked Petitioner's probation and ordered that Petitioner serve the 110-month sentence.

Petitioner filed an appeal challenging the state trial court's authority to convert his original 25-month sentence into a 110-month stayed sentence.  On August 15, 2006, the Minnesota Court of Appeals denied the appeal and upheld the 110-month sentence Petitioner is now serving.  State v. Santana, No. A05-2077, 2006 Minn. App. Unpub. LEXIS 895 (Minn. Ct. App. 2006).  The appellate court held that although the trial court erred in modifying Petitioner's sentence, Petitioner could not avail himself of an error he invited.  Id. at *2-3.  The appellate court also held that Petitioner had waived his claim of improper sentence modification when he failed to raise it at the revocation hearing.  Id. at *5-6.  On November 14, 2006, the Minnesota Supreme Court denied Petitioner's Petition for Review.  State v. Santana, 2006 Minn. LEXIS 807 (Minn. 2006).

On February 12, 2007, Petitioner filed the instant Habeas Petition.  Id.  The Petition asserts three grounds for relief: (1) that the state trial court lacked authority to modify his 25-month sentence; (2) that the state trial court should have denied Petitioner's request to modify his sentence because the request was unlawful and invited error; and (3) that the state trial court did not give Petitioner proper credit for time already served.  Habeas Petition at ¶ 12.

### III. DISCUSSION

This Court agrees with the R&R's conclusion that Petitioner's Habeas Petition must be summarily rejected because the Petition fails to raise any claims based on federal law.  See Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("[I]t is not the province of a federal habeas court to

reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws or treaties of the United States."). Further, the Court agrees with the R&R's conclusion that the Petition must be dismissed *with prejudice* because Petitioner failed to raise any federal law issues during the state court proceedings. Petitioner's state court appellate briefs, which are attached to his Petition, make no reference to any source of federal law. Under Minnesota law, Petitioner's failure to raise federal law arguments during the state court appellate process bars him from doing so in future state court proceedings. See Roby v. State, 531 N.W.2d 482, 484 (Minn. 1995) (stating general rule that "a claim that was known but not raised at the time of direct appeal will not be considered upon a subsequent petition for postconviction relief"). Since Petitioner is procedurally barred in Minnesota courts from obtaining review of federal law challenges to his sentence, he "is also procedurally barred from obtaining habeas relief in a federal court unless he can demonstrate either cause and actual prejudice, or that a miscarriage of justice will occur." McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997).

Petitioner's Response to the R&R appears to assert that his federal constitutional right to due process has been violated. However, Petitioner does not attempt to show cause and prejudice for his failure to raise his federal constitutional argument in the Minnesota courts. Petitioner does claim that execution of his 110-month sentence "would be a travesty of justice." Response at 3. However, Petitioner requested the 110-month stayed sentence, and this Court does not find that the execution of that sentence results in a miscarriage of justice.

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The R&R [Docket No. 2] is **ADOPTED**;

2. Petitioner's Response [Docket No. 3] objecting to the R&R is **OVERRULED**;

3. Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus [Docket No. 1] is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

BY THE COURT:


       s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: April 27, 2007.